## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Nathan Michael Keays*
Case No. 3:20-cr-00085-TMB-MMS

By:             THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:      ORDER FROM CHAMBERS

Before the Court is Defendant Nathan Michael Keays's Motion to Approve and Authorize Consummation of Settlement as to Defendants Nathan Keays and Eco Edge Armoring, LLC ("the Motion").[1] For the reasons stated below, the Court **DENIES** the Motion.

Keays is a defendant in this criminal matter and in a separate, civil matter currently before the Honorable Sharon L. Gleason, Chief United States District Judge.[2] In the Motion, Keays asks the Court—in this criminal matter—to approve a settlement agreement reached in the civil matter that would require Keays to distribute $272,941.52 from his retirement account, including $22,941.52 in attorneys' fees.[3] Keays provides no legal analysis or authority supporting his request. Instead, Keays claims that the Court "clearly has authority" to provide the relief he seeks and that "it is not necessary to cite specific case authority as to the Court's authority, since the Courts have discretion to modify or lift any injunction or order in that regard, as to Mr. Keays'[s] assets, and both Courts clearly have authority to approve a civil settlement."[4] Keays does not identify any relevant injunction or order from the Court regarding his assets.

The Government opposes the Motion on alternative grounds: (1) Keays fails to provide "citations or supporting authority that authorize the Court to perform the requested actions" and (2) "the funds could potentially be used to satisfy a criminal restitution order."[5] The Government also asserts that because the Court might ultimately be obliged to order restitution, "the $22,941.52 should be held pending resolution of the criminal matter."[6] The Government does not identify any relevant order(s) regarding Keays's assets.

---

[1] Dkt. 88 (Motion); Dkt. 91 (Reply); Dkt. 94 (Supplement to Reply).
[2] Case No. 3:20-cv-00072-SLG.
[3] Dkt. 88 at 2. Specifically, Keays asks the Court to allow his attorney, Phillip Weidner, "to act on behalf of Defendant Nathan Keays to consummate the settlement that was reached in the U.S. District Court Civil Matter with ConocoPhillips and to distribute certain proceeds of Mr. Keays'[s] Anchorage Police Department 401(k) Retirement Account as to the check for $272,941.52." *Id.* Keays also asks that "the Court approve distribution of the 'carve out' sums of $22,941.52 as attorney's fees to Weidner & Associates." *Id.* at 3.
[4] Dkt. 91 at 3.
[5] Dkt. 90 at 2 (Opposition).
[6] *Id.* at 3.

1

In his supplemental filing, Keays argues, again without citation to authority, that "the Government may not restrict Mr. Keays as to his ability to pay private counsel" with what Keays calls "untainted proceeds of his retirement account liquidation that had nothing to do with the alleged offense."[7] According to Keays, "the Government's position . . . has grave implications for Mr. Keays'[s] rights to effective assistance of counsel."[8]

The Court **DENIES** the Motion on the basis that Keays has failed to provide any legal authority supporting his request for relief. Keays previously filed a "notice" regarding the same civil settlement.[9] In response, the Court ordered that "[i]f Defendant desires to properly bring his request before the Court, he shall submit a Motion *with cites to supporting authority*."[10] Despite the Court's clear instruction, Keays has not cited supporting authority in the Motion, in his reply, or in his supplemental filing.[11] And the Court disagrees with Keays that a district court presiding over a criminal case "clearly" has authority to approve a civil settlement in a different matter before a different judge. The Court need not consider requests or arguments unsupported by legal authority and **DENIES** the Motion accordingly.[12] In doing so, the Court neither authorizes nor prohibits Keays from settling the civil matter. Nor does this Order interfere with or supersede any existing orders, in this or another matter, regarding Keays's ability to liquidate or distribute his assets.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: January 10, 2022.

---

[7] Dkt. 94 at 2.

[8] *Id.* at 3.

[9] Dkt. 78 (Notice).

[10] Dkt. 83 (Text Order) (emphasis added).

[11] *See generally* Dkts. 88, 91, 94.

[12] *See* Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based."); *see also Saevik v. Swedish Med. Ctr.*, No. C19-1992-JCC, 2021 WL 5918595, at *4 (W.D. Wash. Dec. 15, 2021) (declining to consider argument unsupported by citations in legal authority); *cf. Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).